**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID ZIMMER | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. AW-06-CV 2595 |
| | * | |
| WESTLAKE INTERNET | * | |
| TRAINING, INC. et al. | * | |
| | * | |
| Defendants. | * | |
| | **** | |

**MEMORANDUM OPINION**

Plaintiff David Zimmer ("Plaintiff" or "Zimmer") alleges that Defendant Westlake Internet Training, Inc. ( "Westlake") and Mark J. Rogers ("Rogers") (collectively, "Defendants") engaged in malicious use of process and malicious abuse of process in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") proceedings against Plaintiff.  Presently before the court is Defendants' Motion to Dismiss Complaint [7]. No hearing is deemed necessary.  See Local Rule 105.6 (D. Md. 2004).  Upon consideration of the arguments made in support of, and opposition to, the motion, the Court will GRANT Defendants' motion to dismiss.

**STANDARD OF REVIEW**

***Motion to Dismiss Under Rule 12(b)(6)***

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).   In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded

material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997) (citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 217-18 (4th Cir. 1994)); Chisolm v. TranSouth Finan. Corp., 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." See Papasan v. Allain, 478 U.S. 265, 286 (1986) (citing Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981)); Young v. City of Mount Ranier, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." United Mine Workers of Am. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1994); Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are relevant to the instant motion. Plaintiff is a Certified Public Accountant and former Chief Financial Officer of Westlake. In or about January 2004, Westlake, at Rogers's discretion, commenced an adversary proceeding against Zimmer in the Bankruptcy Court (the "Bankruptcy Suit"). In the Bankruptcy Suit, Westlake alleged that Zimmer received an unauthorized salary, misappropriated a government grant intended for Westlake, and put someone not employed by Westlake on its health insurance, at Westlake's expense. While the Bankruptcy

Suit was pending, the Maryland Department of Labor, Licensing and Regulation determined that Zimmer was authorized to receive the disputed salary.  Plaintiff claims that Defendants knew, or reasonably should have known, that Zimmer's salary was authorized, that Zimmer had not misappropriated the government grant, and that Zimmer had repaid the company for the health insurance premium.

On January 5, 2005, the Bankruptcy Suit was terminated in Zimmer's favor on all counts and no appeal was taken.  The time to appeal has expired.  On March 20, 2006, Plaintiff filed a two count Complaint alleging malicious use of process and malicious abuse of process in the Circuit Court for Montgomery County, Maryland (Case No. 27-0145) [2].  On October 3, 2006, the action was removed to this Court pursuant to the "original and exclusive jurisdiction" of federal courts over bankruptcy matters. 28 U.S.C. § 1334(a).  On November 11, 2006, pursuant to Fed. R. Civ. P. 12(b), Defendants filed this motion to dismiss arguing that Plaintiff's Maryland state tort claims are pre-empted by federal law and federal bankruptcy remedies.  Plaintiff opposes the motion.  The motion is ripe for consideration, and the Court now issues this opinion.

## DISCUSSION

I.  Applicable Law

The law recognizes that "Congress has the ... power to preempt state law, U.S. Const. art. VI, as well as the constitutional power to enact laws governing bankruptcies, U.S. Const. art. I, § 8, cl. 4[.]"  Transcolor Corp. v. Cerberus Partners, L.P., (In re Transcolor Corp.), 258 B.R. 149, 152 (Bankr. D. Md. 2001) (citing Koffman v. Osteoimplant Technology, Inc., 182 B.R. 115, 123 (D. Md. 1995).  Courts in this district have interpreted Congressional legislation establishing procedures for bankruptcy to preempt some state powers relating to claims arising from these proceedings.  Id

(citing <u>In re Schnupp</u>, 64 B.R. 763, 768 (Bankr.N.D.Ill.1986) (In the bankruptcy context, "where state law frustrates or burdens federal policy that state law must give way.")).  For instance, "state law tort claims for malicious ... abuse of process brought against a creditor for the alleged bad faith filing of a[]... bankruptcy petition [a]re absolutely barred by reason of Federal preemption."  <u>Id</u>. Although the common law framework of the various states provides the basis for actions where the Bankruptcy Code is silent, "[r]emedies and sanctions for improper behavior and filings in bankruptcy court ... are ... [covered by] the Bankruptcy Code ... and [are an area where] uniform rules are particularly important."  <u>Id</u>.

The Supreme Court has ruled that a detailed regulatory scheme is insufficient to imply an intent to preempt state remedies.  <u>English v. General Elec. Co.</u>, 496 U.S. 72, 87 (1990).  Courts must consider whether there are "special features" indicating that there is preemption.  <u>Id</u>.  In the bankruptcy context, courts have ruled that these "special features" exist when "allowing ... common law causes of action ... to go forward would frustrate the Congressional purpose in enacting the federal scheme."  <u>Transcolor</u>, 258 B.R. at 152 (quoting <u>Koffman</u>, 182 B.R. at 125).

In <u>Transcolor</u>, the Bankruptcy Court recognized that "[a]llowing state tort actions based on allegedly bad faith bankruptcy filings or violations of the automatic stay to go forward  ... would have the effect of permitting state law standards to modify the incentive structure of the Bankruptcy Code and its remedial scheme."  258 B.R. at 152 (quoting <u>Koffman</u>, 182 B.R. at 125).  The Bankruptcy Court ruled that the risk of deterring bankruptcy lawsuits is sufficient to prohibit state common law tort claims; further, the court explained that the duty to allow for necessary claims is in the hands of Congress and the federal courts.  <u>Id</u>.

II.   <u>Analysis</u>

**Issue of Preemption**

The Bankruptcy Code grants authority to the courts to "prevent abuse of process" and impose sanctions for actions "not 'well grounded in fact [or] warranted by existing law.'"  Koffman, 182 B.R. at 124 (citing 11 U.S.C. § 105 (a)), (quoting USCS Bankruptcy R 9011(b)).  Furthermore, the case authorities have interpreted the Bankruptcy Code's express allowance for complaints like Zimmer's to mean that such state law tort claims are preempted by federal law.  Id.

The Bankruptcy Code states that "[n]o provision of this title ... shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to ... *prevent an abuse of process*."  11 U.S.C. § 105(a) (emphasis added).  The language of the Congressional legislation permits the bankruptcy courts to ameliorate instances where one party is abusing process.  Therefore, because Plaintiff's claim may be resolved under the Bankruptcy Code, his state common law tort claims are not viable.  The Court believes that Congress intended uniform resolutions to all bankruptcy issues under federal law; it follows that claims arising out of bankruptcy proceedings may not be pursued under state law.  Because Plaintiff could have resolved these issues during the Bankruptcy Suit, the Bankruptcy Code prohibits him from taking a second bite of the apple.[1]

---

[1]USCS Bankruptcy R 9011:

**(b) Representations to the court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

Plaintiff alleges that Defendants maliciously and in bad faith sought damages during the

Bankruptcy Suit with the knowledge that the facts could not support such a charge.  Plaintiff

attempts to differentiate the instant case from the <u>Koffman</u> decision, where the court ruled that

preemption only applies to claims under the exclusive province of the Bankruptcy Code, by arguing

that there is no exclusive province here because "[i]n this case ... the Bankruptcy Code provides no

remedial measures for the plaintiff."  Pl.'s Opp'n to Mot. to Dismiss at 4.  However, provision (c)

of Rule 9011 refutes Plaintiff's assertion.[2]  Since there is a basis for recovery enumerated in the

Bankruptcy Code, the doctrine explained in <u>Koffman</u> applies to this case where a means for

---

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

[2] USCS Bankruptcy R 9011:

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
[]

(2) *Nature of sanction; limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, *an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation* (emphasis added).

resolving a  claim in the Bankruptcy Code preempts state law claims.  Koffman, 182 B.R. at 124.

In an effort to escape the dispositive precedent set by Koffman, Plaintiff argues that there is a split of authority on this issue and refers the Court to Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47 (3rd Cir. 1988).  However, that case makes no mention of the preemption issue, and this Court sees no split of authority based on Paradise Hotel.  In Paradise Hotel, the U.S. Court of Appeals for the Third Circuit allowed the debtor to proceed with a state law tort claim based on abuse of process in a bankruptcy proceeding because the nature of the Bankruptcy Code would have prevented the debtor from having an opportunity to pursue his claim.  Id at 52.  Furthermore, in Paradise Hotel it was the debtor who was allowed to pursue his claim because of the difficult incentives he faced in deciding when to convert a Chapter 7 proceeding to Chapter 11 proceeding. Id.  Here, Plaintiff is not the debtor; he did not face the difficult choices that led to the exception allowed for in Paradise Hotel.  The Bankruptcy Code allowed him to pursue his claim at an earlier time without burden.  Further, the Koffman decision, which has a similar fact pattern to that of this case, differentiated Paradise Hotel on the grounds that the exception there fell under 11 U.S.C. § 706, whereas in Koffman the court had abstained pursuant to 11 U.S.C. § 305(a).  182 B.R. at 128 n.2.

The Bankruptcy Code expressly classifies counterclaims brought by the debtor as centrally related to the proceeding in question, rendering Plaintiff's comparisons to cases where state common law tort claims could be brought because they were merely "related to" bankruptcy cases moot. Plaintiff further attempts to differentiate the present case by emphasizing the distinction between what is and is not centrally related to the proceeding in question.   "The Bankruptcy Code divides claims in bankruptcy proceedings into two principal categories, 'core' and 'non-core.'  See 28

U.S.C. § 157.  'Non-core' proceedings are only 'related to' bankruptcy cases.  28 U.S.C. § 157(c)."

<u>Porter-Hayden Co. v. First State Mgmt. Group, Inc.</u> (<u>In re Porter-Hayden Co.</u>), 304 B.R. 725 (Bankr.

D. Md. 2004).  Core claims may only be pursued during bankruptcy proceedings whereas non-core

claims may be pursued elsewhere.

 Plaintiff argues that this case can be likened to <u>Satten v. Webb</u>, where a state common law

fraud claim was removed to bankruptcy court because a bankruptcy trustee was alleged to have

participated in the fraud.  <u>Satten v. Webb</u>, 99 Cal. App. 4th 365, 369 (Cal. Ct. App. 2002).  After the

fraud claim was dismissed in the bankruptcy proceeding, the California appellate court allowed the

plaintiff to pursue her malicious prosecution and abuse of process claim in state court.  <u>Id</u>.  The

<u>Satten</u> court's ruling affirms that where a claim is non-core (in that case, the fraud), issues related

to that claim may be pursued outside of the bankruptcy court.

 The Court does not believe that <u>Satten</u> is analogous to the instant case.  Zimmer's basis for

his common law tort claims are specifically classified as core proceedings in § 157 of the

Bankruptcy Code.[3]  Zimmer's complaint, by his own admission, arises out of counterclaims brought

against him by Defendants during the Bankruptcy Suit.  In <u>Satten</u> the claim of fraud was removed

to the bankruptcy court because one of the parties accused of fraud was a debtor undergoing a

bankruptcy proceeding.  The <u>Satten</u> court ruled that there was no federal preemption of such a claim,

particularly because the two parties in the malicious prosecution suit were third parties to the

_____

 [3]  28 U.S.C. § 157(b):

(2) Core proceedings include, but are not limited to–
  []
  (C) counterclaims by the estate against persons filing claims against the
  estate;

bankruptcy proceeding.  However, the Bankruptcy Code explicitly categorizes counterclaims by the debtor against persons filing claims against the estate as core matters that are preempted.  Since the actions brought against Zimmer arose as counterclaims, they are classified as core matters and claims associated with them are subject to preemption.  See e.g. Hoge v. Moore (In re Railworks Corp.), 345 B.R. 529, 539 (Bankr. D. Md. 2006) (citing MSR Exploration v. Meridian Oil, 74 F.3d 910, 913 (9th Cir. 1996)) ("MSR instructs that all claims involving activity in the bankruptcy case, including those related to the filing of the case itself, are preempted.")

**Request to Amend Complaint**

Alternatively, buried in Plaintiff's opposition to Defendant's motion to dismiss is his request that, should the Court find a remedial measure within the Bankruptcy Code, then he should be given leave to amend his complaint.  Plaintiff cites Koffman, where the Court permitted the plaintiff to amend his complaint to comply with the decision.  This outcome is not comparable to Plaintiff's request here because the section of the Bankruptcy Code at issue in Koffman, 11 U.S.C. § 362(h), has no statute of limitations.  Koffman dealt with a willful violation of the automatic stay resulting from bankruptcy proceedings; Congress passed § 362(h) with the purpose of allowing for a cause of action after the end of the bankruptcy proceeding in circumstances where such willful violations occur.  182 B.R. at 124 (citing Price v. Rochford, 947 F.2d 829, 831 (7th Cir. 1991)).  Here, without the benefit of such a statutory provision, Plaintiff has failed to set forth grounds upon which he might have a claim in this Court.  Furthermore, the Court believes that even if the Court granted Plaintiff leave to amend, there would be no basis for a claim in this Court because the Bankruptcy Court is the proper venue for Plaintiff to seek such a remedy.  Accordingly, the Court DENIES Plaintiff's request for leave to amend his complaint.

**CONCLUSION**

For the aforementioned reasons, the Court GRANTS Defendants' Motion to Dismiss Complaint [7].  An Order consistent with this Opinion will follow.


<u>May 31, 2007</u>                                                                   <u>                    /s/                    </u>
Date                                                                                          Alexander Williams, Jr.
                                                                                                 United States District Judge